Cynthia Z. Levin, Esq. (Bar No. 27050)
clevin@attorneysforconsumer.com
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAUREL BATISTE, individually and on behalf of all others similarly situated,** | ) Case No. |
| | ) |
| | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF THE FEDERAL FAIR DEBT** |
| Plaintiff, | ) **COLLECTION PRACTICES ACT** |
| | ) |
| vs. | ) |
| | ) |
| **TATE & KIRLIN ASSOCIATES, INC. and LVNV FUNDING LLC,** | ) |
| | ) |
| Defendants. | |

_____

## NATURE OF THE CASE

1.      This is a class action brought on behalf of all individuals in the United States who received collection letters from Defendants wherein Defendants used false and deceptive practices when implying to Plaintiff via dunning letter that Plaintiff could be subject to a lawsuit on a time-barred debt, in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## II.  JURISDICTION

2.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff,

a resident of Pennsylvania, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of at least one Defendant, Defendant TK and Defendant LVNV, which both parties do substantial business in Pennsylvania.

3.    Plaintiff is a resident of Belle Vernon, Pennsylvania.

4.    Venue is proper here, because Plaintiff resides in and Defendants do business in Westmoreland County.

5.    Plaintiff also seeks damages for Defendants' violations of the FDCPA, which, when the damages are aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

6.    Venue is proper in the United States District Court for the Western District of Pennsylvania, pursuant to 18 U.S.C.  1391(b) and 18 U.S.C. § 1441(a), because Defendants do business within the state of Pennsylvania and the County of Westmoreland.

### III. PARTIES

7.    Plaintiff, Laurel Batiste ("Plaintiff"), is a natural person residing in Fayette County in the state of Pennsylvania, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8.    At all relevant times herein, Defendant, Tate & Kirlin Associates, Inc., ("Defendant TK") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

9.     At all relevant times herein, Defendant, LVNV Funding LLC ("Defendant LVNV"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

10.     Defendant TK and Defendant LVNV will be collectively referred to herein as "Defendants."

## IV.  FACTUAL ALLEGATIONS

11.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant TK contacted Plaintiff in an attempt to collect an alleged outstanding debt.

12.     Defendant TK acquired the alleged debt owed through Defendant LVNV.

13.      On or around July 3, 2014, Defendant TK contacted Plaintiff via dunning letter in connection with an attempt to collect an alleged debt.  The letter stated the following:

> "Our client has authorized us to offer a **settlement** for 15% of your balance or $819.52 to resolve this debt. (Saving you $4,643.92)  Please contact our office at our toll free number should you have any questions or wish to determine if this settlement offer can be made in installments." (Emphasis added)

14.     The alleged debt Defendant TK is trying to collect against Plaintiff has been time-barred by the applicable statute of limitations, which is one (1) year.

15.    By using a term such as "settlement," Defendant TK has led the Plaintiff to believe legal action could still be taken against her regarding the instant alleged debt owed.  However, the statute of limitations has passed on this alleged debt owed.  Defendants are unable to take any legal action with respect to the instant alleged debt owed.

## CLASS ALLEGATIONS

16.    Plaintiff brings this action individually and on behalf of all others similarly situated, and as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection letters from Defendants where Defendants used false and deceptive practices when implying to Plaintiff via dunning letter that Plaintiff could be subject to a lawsuit on a time-barred debt.

17.    Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection letters from Defendants wherein Defendants used false and deceptive practices when implying to said person via dunning letter that said person could be subject to a lawsuit on a time-barred debt, within the four years prior to the filing of this Complaint.

18.    Defendants, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

19.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The

Class members may be ascertained by the records maintained by Defendants.

20.     Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via collection letters thereby causing Plaintiff and Class members to believe that they could be, or were about to be, sued by Defendants.

21.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

> a.    Whether, within the four years prior to the filing of this Complaint, Defendants made any communication (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member wherein Defendants used false and deceptive practices when implying to a Class member via dunning letter that Class member could be subject to a lawsuit on a time-barred debt;
>
> b.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and
>
> c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

22.     As a person that received collection letters from Defendants wherein Defendants used false and deceptive practices when implying to said person via dunning letter that said person could be subject to a lawsuit on a time-barred debt, Plaintiff is asserting claims that are typical of The Class.

23.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the

prosecution of class actions.

24.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

25.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

26.    Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I; VIOLATION OF FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

28.    Based on the foregoing, Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a)  Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

b)  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

c)  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

d)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1)); and

e)  Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

29.     As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

30.     Plaintiff alleges that to the extent that Defendants' actions, counted above, violated the FDCPA, those actions were done knowingly and willfully

31.     As a direct and proximate result of Defendants' violations of 15 U.S.C. § 1692 et seq.,  Plaintiff and the members of the Class have suffered injury, and may recover from Defendants one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs.

32.     The violations of 15 U.S.C. § 1692 et seq. described herein present a continuing threat to members of the Class and members of the general public in

that Plaintiff is informed and believes and thereon alleges that Defendants  will continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

a)  That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b)  For statutory damages of $1,000.00 for Plaintiff and each member of The Class;

c)  For actual damages according to proof;

d)  For reasonable attorneys' fees and costs of suit;

e)  For prejudgment interest at the legal rate; and

f)  For such further relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.


Respectfully submitted this 13th day of March, 2015

By:    _s/Cynthia Z. Levin____
        **Cynthia Z. Levin, Esq.**
        **Law Offices of Todd M. Friedman, P.C.**
        **1150 First Avenue, Suite 501**
        **King of Prussia, PA 19406**
        **Phone: 888-595-9111 ext 618**
        **Fax: 866 633-0228**
        **clevin@attorneysforconsumers.com**
        **Attorney for Plaintiff**